**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE CO., | ) ) ) |
| Plaintiff, | ) No. CIV 07-243-TUC-CKJ ) |
| vs. | ) **ORDER** ) |
| MICHAEL PETERSON, et al., | ) ) |
| Defendants. | ) |

Pending before the Court is Plaintiff's Motion for Summary Judgment [Doc. # 24]. A response and a reply have been filed. The parties have not request oral argument. *See* L.R.Civ. 7.2(f); the Court finds it would not be assisted by oral argument.

*Factual and Procedural Background*[1]

On May 11, 2006, Defendant Michael Peterson ("Peterson") was charged with aggravated assault in the Superior Court in and for Pima County. The indictment alleged that, on January 8, 2006, Peterson assaulted Defendant Eric Flewelling ("Flewelling"), causing him serious physical injury. On September 14, 2006, Peterson entered a plea of guilty pursuant to a plea agreement to one count of unlawful imprisonment. As a condition of the plea agreement, Peterson agreed to pay restitution to Flewelling not exceeding $35,000.00. The plea proceedings included a factual basis that provided that, during the

---

[1] Defendants have adopted Plaintiff's Statement of Facts with one additional fact.

1 evening of January 8, 2006, Peterson and Flewelling had an altercation, during which 2 Peterson backed Flewelling up against a wall and prevented him from leaving the area. 3 Peterson then punched Flewelling in the face. Defendants, in their separate statement of 4 facts, assert that Peterson acted in self-defense when he struck Flewelling. On October 25, 5 2006, Peterson was sentenced to a three year term of supervised probation. Judgment was 6 entered against Peterson ordering him to pay restitution in the amount of $5,516.44.

7 On December 1, 2006, Flewelling filed a lawsuit in the Pima County Superior Court 8 against Peterson alleging that, on January 8, 2006, Peterson assaulted him, causing personal 9 injury.

10 Lori Peterson ("Ms. Peterson"), Peterson's mother, is the named insured on an 11 American Family Mutual Insurance Co. ("American Family") homeowner's insurance 12 policy. American Family provided Peterson with a defense to the state lawsuit under a 13 reservation of rights because there was no accidental occurrence and to assert coverage 14 exclusions for violation of law, intentional acts, abuse, imputed liability and punitive 15 damages. On or about August 14, 2007, Peterson and Flewelling entered into an agreement 16 for stipulated judgments and settlement of claim.

17 Ms. Peterson's policy regarding personal liability coverage states:

18/19 > **We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

20 > **Defense Provision.**

21/22/23 > If a suit is brought against any insured for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice. **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

24 American Family, Statement of Facts, p. 4, emphasis in original. The policy further provides:

25/26 > **Bodily injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death.

27 *Id.*, emphasis in original. The policy also includes an exclusion provision:

28 > Coverage D – Personal Liability and Coverage E – Medical Expense do not apply to:

- 2 -

1           * * *

2           17.   **Violation of Law.**  We will not cover **bodily injury** or **property damage** arising out of:

            a.    Violation of any criminal law for which any **insured** is convicted;

            b.    violation of any building or housing code for which any **insured** is convicted; or

            c.    violation of any criminal law for which any **insured** is not convicted due to mental incapacity.

*Id.* at 5, emphasis in original.

On May 24, 2007, American Family filed the Complaint in this action seeking a declaration that Ms. Peterson's policy does not provide coverage for the claims asserted in the state lawsuit, a declaration that American Family is not required to defend Peterson in the state lawsuit, and a declaration that American Family is not required to indemnify Peterson for the claims asserted in the state lawsuit.

On May 2, 2008, American Family filed a Motion for Summary Judgment. A response and a reply have been filed.

*Summary Judgment Legal Standard*

Summary judgment may be granted if the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The disputed facts must be material. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Therefore, the nonmoving party must demonstrate a dispute "over facts that might affect the outcome of the suit under the governing law" to preclude entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

The dispute over material facts must also be genuine. *Id.* A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party opposing a properly supported summary judgment motion must set forth specific facts demonstrating a genuine issue for trial. *Id.* Mere allegation and

speculation are not sufficient to create a factual dispute for purposes of summary judgment. *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (per curiam). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511. However, the evidence of the nonmoving party is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255.

The Court is not to make credibility determinations with respect to the evidence offered and is required to draw all inferences in a light most favorable to the non-moving party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]" *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980).

*Exclusion for Violation of Law*

American Family asserts that it is entitled to summary judgment because of the violation of law exclusion provision in the policy. Violation of law exclusions are enforceable in Arizona. *American Family Mut. Ins. Co. v. White*, 204 Ariz. 500, 65 P.3d 449 (App. 2003). The interpretation of an insurance contract is a question of law for the court. *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 534, 647 P.2d 1127 (1982). The provisions of insurance policies are to be interpreted based on their plain and ordinary meaning. *See Millar v. State Farm*, 167 Ariz. 93, 96, 804 P.2d 822, 825 (App. 1990).

The parties dispute whether the term "arising out of" is applicable in this case because Peterson was convicted of unlawful imprisonment rather than assault. American Family asserts that the term "arising out of" does not require "direct proximate cause" but rather some relation or connection between the two events. *Salerno v. Atlantic Mut. Ins. Co.*, 198 Ariz. 54, 58, 6 P.3d 758, 762 (App. 2000); *Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, 265 n. 12, 151 P.3d 538, 548 n. 12 (App. 2007). "Arising out of" requires only a causal connection between the injury and the excluded conduct. *Allstate v. Johnson*, 194 Ariz. 402,

1  403, 984 P.2d 10, 11 (App. 1999); *California Cas. Ins. Co. v. American Family Mut. Ins. Co.*,
2  208 Ariz. 416, 421, 94 P.3d 616, 621 (App. 2004).

3  American Family asserts that the undisputed facts prove a causal connection between
4  Flewelling's injuries and Peterson's conduct which resulted in Peterson's conviction for
5  unlawful imprisonment. "Unlawful imprisonment" is "knowingly restraining another
6  person." A.R.S. § 13-1303. In pleading guilty, Peterson admitted that he and Flewelling
7  became involved in an altercation, during which Peterson prevented Flewelling from leaving
8  the area, and that he hit Flewelling in the face. *See* Plaintiff's Statement of Facts, ¶ 5.
9  Peterson also agreed, pursuant to the plea agreement, to pay restitution to Flewelling.
10 Defendants assert, however, that the exclusion for violation of law is not appropriate where
11 the conviction for a crime involves conduct that is distinct from the conduct which resulted
12 in the bodily injury.

13 American Family cites a number of non-Arizona cases in support of their assertion
14 that the conviction of the crime requires the application of the criminal acts exclusion.
15 Defendants, however, distinguish those cases because, in each of these cases, the criminal
16 conduct that resulted in the injuries was the same conduct for which defendants pleaded
17 guilty or were found guilty. In this case, the conduct which Peterson admitted was not the
18 same conduct which resulted in the injuries. In other words, Defendants assert that Peterson
19 could have committed the unlawful imprisonment without causing the bodily injury to
20 Flewelling. The Court agrees with Defendants that the cases cited by American Family are
21 distinguishable because those cases involved criminal convictions for conduct that resulted
22 in the injuries. Contrary to American Family's assertion, the Court does not find the phrase
23 "arising out of" to be unambiguous. *See e.g., Bates v. Vermont Mut. Ins. Co.*, 950 A.2d 186
24 (N.H. 2008) (for exclusionary language to be considered clear and unambiguous, two parties
25 cannot reasonably disagree about its meaning).

26 In Arizona, if a clause appears ambiguous, it is interpreted "by looking to legislative
27 goals, social policy, and the transaction as a whole." *First American Title Ins. Co. v. Action*
28 *Acquisitions, LLC*, 218 Ariz. 394, 397, 187 P.3d 1107, 1110 (2008). If ambiguity then

1  remains, the clause is construed against the insurer. *Id*. American Family asserts that the
2  clause is not ambiguous and that the injuries arose out of Peterson's conduct which resulted
3  in Peterson's conviction. However, the clause refers to a violation of any criminal law for
4  which an insured is convicted rather than an insured's conduct for which the insured in
5  convicted.

6        The Arizona legislature has provided that restitution is "to be paid by the defendant
7  to any person who suffered an economic loss caused by the defendant's conduct." A.R.S.
8  § 13-804(A). Restitution orders "promote the rehabilitation purposes of probation by
9  impressing upon [a defendant] the specific consequences of his criminal activity and force
10 him to accept responsibility for these consequences. *State v. Young*, 137 Ariz. 365, 368, 670
11 P.2d 1189, 1192 (App. 1983); *see also State v. Wilkinson*, 202 Ariz. 27, 30, 39 P.3d 1131,
12 1134 (2002) (restitution statutes focus on the "primary purposes of restitution: reparation to
13 the victim and rehabilitation of the offender"). However, a defendant may only be ordered
14 to pay restitution on charges that he has admitted, on which he has been found guilty, or upon
15 which he has agreed to pay restitution. *State v. Pleasant*, 145 Ariz. 307, 701 P.2d 15 (App.
16 1985). The Supreme Court of Arizona has recognized that "restitution is available for
17 damage directly caused by criminal conduct, even if the damage is not an element of the
18 crime." *Wilkinson*, 202 Ariz. at 30, 39 P.3d at 1134, *citing State v. Wilkinson*, 198 Ariz. 376,
19 383, 10 P.3d 634, 641 (App. 2000) (Ryan, J. dissenting).

20       In Arizona, public policy "proscribes indemnification of persons for losses resulting
21 from their own willful wrongdoing. *White*, 204 Ariz. at 504, 65 P.3d at 453. The Arizona
22 courts have found that "violation of law" exclusions do not violate public policy. *Id*, 204
23 Ariz. at 505, 65 P.2d at 454.

24       In looking at the incident as a whole, the parties agree that bodily injury that arose out
25 of a violation of any criminal law for which any insuree is convicted would not be covered.
26 When the entire criminal proceedings are considered, Peterson admitted that he hit
27 Flewelling in the face and he agreed to pay restitution for those injuries. Such admission and
28 agreement demonstrates that, for purposes of the criminal proceedings, Defendants

acknowledged that the injuries had some relation or connection (or a causal connection) with Peterson's criminal conviction. *See Salerno*, 198 Ariz. at 58, 6 P.3d at 762. (App. 2000); *Johnson*, 194 Ariz. at 403, 984 P.2d at 11. That Peterson asserts that he acted in self-defense does not alter the fact that he acknowledged that the injuries had some relation to the criminal conviction. *See generally, White*, 204 Ariz. at 506, 65 P.3d at 455 ("Because [criminal defendant] waived his claims of self-defense and defense of others by pleading guilty to aggravated assault, Appellant cannot raise those defenses in the civil action.").

These factors indicate that bodily injury that arises out of a violation of any criminal law for which an insured is convicted includes conduct that the insured has admitted in the criminal proceeding and conduct for which he has agreed to pay restitution. The Court finds, therefore, that summary judgment in favor of American Family is appropriate.

Accordingly, IT IS ORDERED:

1. American Family's Motion for Summary Judgment [Doc. # 24] is GRANTED.
2. Judgment is awarded to American Family and against Peterson and Flewelling.
3. The American Family Mutual Ins. Co. policy, number 02BD-6613-01, in which Lori Peterson is the named insured does not provide coverage for the claims asserted in the Pima County Superior Court lawsuit, cause number C2006-6772.
4. The American Family Mutual Ins. Co. is not required to defend or indemnify Michael Peterson in the Pima County Superior Court lawsuit, cause number C2006-6772.
5. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 9th day of September, 2008.

_____
Cindy K. Jorgenson
United States District Judge